# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **RHINELANDER HERNANDEZ,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:09-0161** |
| ) | **(Criminal No. 5:04-0178)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and formerly incarcerated at FCI Gilmer, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on February 23, 2009.[1] (Document No. 82.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 85.)

## FACTUAL AND PROCEDURAL BACKGROUND

On December 1, 2004, Movant pled guilty to one count of distribution of cocaine, also known as "coke," in violation of 21 U.S.C. § 841(a)(1) (Count Three). (Criminal Action No. 5:04-0178, Document Nos. 29 - 32.) Movant was sentenced on February 17, 2005. (Id., Document Nos. 34, 36, and 37.) A Presentence Investigation Report was prepared. (Id., Document No. 35.) The District Court determined that Movant had a Base Offense Level of 12, and a Total Offense Level of 10, the Court having granted a two-level downward adjustment for acceptance of responsibility.

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Id., Document Nos. 36 and 37.) The District Court ordered that Movant serve an 18-month term of incarceration to be followed by a three-year term of supervised release. (Id.) The District Court also imposed a $100 special assessment. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

Movant was released from custody and began serving his term of supervised release on January 3, 2006. On September 13, 2006, United States Probation Officer Douglas W. Smith filed a "Petition for Warrant or Summons for Offender Under Supervision" alleging that Movant had violated certain conditions of his supervised release. (Id., Document No. 42.) The District Court granted the Petition and issued a Summons for Movant's appearance. (Id., Document Nos. 42 and 43.) On October 23, 2006, the District Court conducted a Revocation Hearing and Movant admitted the charges as contained in Violation Numbers 3 and 5. (Id., Document No. 56.) The District Court, therefore, revoked Movant's term of supervised release and imposed a 3-month term of incarceration to be followed by a 33-month term of supervised release. (Id.) On October 25, 2006, Movant, by counsel, filed a Motion for Reconsideration and Memorandum in Support. (Id., Document Nos. 57 - 58.) By Order entered on November 6, 2006, the District Court granted Movant's Motion for Reconsideration, vacated the sentence imposed, and directed that the matter be held in abeyance for a period of three months. (Id., Document No. 63.) By Order entered on January 30, 2007, the District Court dismissed the "Petition for Warrant or Summons for Offender Under Supervision" as filed on September 13, 2006, and instructed the probation officer to file another Petition should he wish to proceed against Movant. (Id., Document No. 66.)

On December 27, 2007, United States Probation Officer Douglas W. Smith filed a "Petition for Warrant or Summons for Offender Under Supervision" alleging that Movant had violated certain

conditions of his supervised release. (Id., Document No. 68.) The District Court granted the Petition and issued a warrant for Movant's arrest. (Id., Document Nos. 68 and 69.) On January 23, 2008, the District Court conducted a Revocation Hearing and Movant admitted that he committed Violation Numbers 1-3 and 5-7. (Id., Document Nos. 76 - 77.) The District Court, therefore, revoked Movant's term of supervised release and imposed a 24-month term of incarceration. (Id.)

On February 23, 2009, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody raising issues challenging his underlying conviction in Criminal Action No. 5:04-0178. (Civil No. 5:09-0161, Document No. 82.) As grounds for *habeas* relief, Movant alleges as follows: (1) Violation of Fourth Amendment Rights (Id., pp. 2 - 4.); (2) "All of the evidence used to convict Petitioner should have been suppressed as fruit of the poisonous tree" (Id., p. 5.); and (3) Ineffective Assistance of Counsel (Id., pp. 5 - 6.) First, Movant alleges that the West Virginia State Police violated his right to privacy by using electronic surveillance devices. (Id., pp. 2 - 4.) Movant explains that the West Virginia State Police violated West Virginia Code §§ 62-1D-3(a)(1) and 62-1F-2(a) by using electronic surveillance devices to record communications occurring inside his automobile and home without first obtaining a warrant to intercept such communications. (Id.) Next, Movant contends all evidence obtained against him should be suppressed because the evidence was the result of the illegal use of electronic surveillance devices. (Id., p. 5.) Finally, Movant contends that trial counsel acted ineffectively in failing challenge the "validity and clearness of the video surveillance discs." (Id., pp. 5 - 6.) Movant, therefore, contends that the Court should vacate his underlying conviction. (Id., p. 7.) As an Exhibit, Movant attaches a letter written by his parents stating that in their opinion, trial counsel acted ineffectively in representing Movant. (Id., pp. 8 - 10.)

## ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255.

Movant's sentence was imposed by Judgment Order filed on February 24, 2005, and his sentence became final ten days later when he did not file a Notice of Appeal (March 6, 2005). On February 23, 2009, nearly three years after the one year period expired, Movant filed the instant Motion raising issues respecting his underlying conviction in Criminal No. 5:04-0178. Movant's Motion is therefore clearly untimely.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period

against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 200)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his

5

inability to file his Section 2255 motion on time. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. As stated above, ignorance of the law is not a valid basis for equitable tolling. Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.[2]

### PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motions Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 82.) and **REMOVE** this matter as consolidated from the Court's docket unless Movant can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have

---

[2] The Bureau of Prisons' Inmate Locator indicates that Movant was released from custody on August 27, 2009. Accordingly, the undersigned finds that Movant's Motion is rendered moot by his release from custody and the absence of collateral consequences.

seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: December 30, 2011.

R. Clarke VanDervort
United States Magistrate Judge